UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| AZCAN RPG, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FAROUK SHEIKH, MULTISTATE REO LIMITED LIABILITY COMPANY, US REO FUND V LIMITED LIABILITY COMPANY, US REO FUND VII LIMITED LIABILITY COMPANY, US REO FUND X LIMITED LIABILITY COMPANY, US REO FUND NZR LIMITED LIABILITY COMPANY, REO DISTRIBUTION LIMITED LIABILITY COMPANY and FIRST FIDELITY REO LIMITED LIABILITY COMPANY,<br><br>　　　　Defendants. | Civil Action No. 2:14-cv-00158-DBH |

**MOTION OF DEFENDANT FAROUK SHEIKH
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

　　　　Defendant Farouk Sheikh hereby moves to dismiss this action for lack of personal jurisdiction.  In support of this motion, Mr. Sheikh respectfully submits the incorporated memorandum of law:

**INTRODUCTION**

　　　　Mr. Sheikh has no connection to Maine and has done nothing to purposefully avail himself of Maine's laws.  In fact, none of the parties in this case are citizens of Maine and the disputes and the law in this case have nothing to do with Maine.

**FACTS AND BACKGROUND**

**A.　　Procedural Background**

　　　　Plaintiff Azcan RPG, LLC ("Azcan"), commenced this action on September 11, 2013, by filing a complaint against Multistate REO LLC, US REO Fund V LLC, US REO Fund VII LLC,

1

US REO Fund X LLC, US REO Fund NZR LLC, REO Distribution LLC and First Fidelity REO LLC (collectively, the "Entity Defendants"), in the Cumberland County Superior Court.

The Entity Defendants moved to dismiss the complaint for lack of personal jurisdiction on February 19, 2014, and briefing on that motion was completed on March 20, 2014. The Entity Defendants motion to dismiss with its incorporated memorandum of law is found on this Court's docket at ECF No. 4-21 (the "Motion to Dismiss"), and includes an Affidavit of Farouk Sheikh (the "Sheikh Affidavit"), a copy of the contract that underlies this dispute (the "Agreement") and Plaintiff's Response to [the Entity] Defendants' First Set of Interrogatories ("Plaintiff's Response to Interrogatories"). Azcan's response to the Motion to Dismiss ("Plaintiff's Response to Motion to Dismiss") is found at ECF No. 4-25, and the Entity Defendants' reply brief is found at ECF No. 4-26.

On April 2, 2014, Azcan served a second amended complaint on Mr. Sheikh, thereby adding him as a defendant in this action.

On April 14, 2014, Mr. Sheikh removed this action to this Court.

Mr. Sheikh incorporates the facts and legal arguments in Entity Defendants' Motion to Dismiss and reply in support, as well as the Sheikh Affidavit and the attachments to the Sheikh Affidavit.

**B.     Factual Background**

Azcan is an Arizona limited liability company. See Am. Compl. ¶ 1. Azcan's principal place of business is in Phoenix, Arizona. See Sheikh Aff. ¶ 19. Azcan's sole member is Scott Clay. Pls. Resp. to Interrog. #7. Scott Clay is located in Arizona. Id. #1. In fact, Azcan was not even registered to do business in Maine until several months after it filed this lawsuit (and it only

registered to do business in Maine in response to the other Entity Defendants the issue).  See <u>Pls. Resp. to Mot. to Dismiss.</u> ¶ 1.

The Entity Defendants are each New Jersey or Delaware limited liability companies, and each has its sole place of business in Teaneck, New Jersey.  <u>Sheikh Aff.</u> ¶¶ 4–5.  None of the Entity Defendants have an office in the State of Maine.  <u>Id.</u> ¶ 6.  None of the Entity Defendants have any employees who work or reside in Maine; all of the Entity Defendants' employees work out of their offices in Teaneck, New Jersey.  <u>Id.</u> ¶¶ 5, 7.  None of the Entity Defendants advertise in the State of Maine.  <u>Id.</u> ¶ 11.  None of the Entity Defendants have any customers in the State of Maine.  <u>Id.</u> ¶ 10.  None of the Entity Defendants have any agents in Maine.  <u>Id.</u> ¶ 8.

Non-party Point Capital Partners, LLC ("PCP"), is a Delaware limited liability company with its principal place of business in Chatham, New Jersey.  See <u>Sheikh Aff.</u> ¶ 13.

In approximately September 2012, the Entity Defendants and PCP entered into negotiations for the purchase and sale of a portfolio of "Contracts for Deeds or "CFDs" related to certain real estate owned by the Entity Defendants.  <u>Id.</u> ¶¶ 4–5.

None of the Entity Defendants' representatives ever traveled to Maine for negotiations. <u>Id.</u> ¶ 15.  The only in-person meetings and negotiations between PCP and the Entity Defendants occurred in New Jersey or New York.  <u>Id.</u> ¶ 16–17.

On October 1, 2012, the Entity Defendants, as sellers, and PCP, as buyer, executed a "Purchase and Sales Agreement" for the purchase and sale of the CFDs (the "<u>Agreement</u>").  The Agreement is governed by Delaware law.  <u>Agreement</u> § 8.9.  The notice addresses for the Entity Defendants and PCP under the Agreement are at their respective principle places of business in New Jersey.  <u>Agreement</u> at 13.  None of the real estate underlying the CFDs is located in Maine. See <u>Agreement</u>, Schedule A.

PCP assigned its rights under the Agreement to Azcan prior to Closing.  Am. Compl. ¶ 7.  The Closing occurred on October 3, 2012.  Sheikh Aff. ¶ 21.

The subject matter of this litigation is the Agreement.  See Am. Compl., generally; Pls. Resp. to Interrog. #5.

Mr. Sheikh is a resident of New Jersey and is a principal of the Entity Defendants.  See Am. Compl. ¶ 4.  Mr. Sheikh is not a party to the Agreement.  See Agreement at 1.

Other than in connection with this lawsuit, Mr. Sheikh has never had any personal connection to Maine, and, in fact, had never stepped foot in Maine.

## STANDARD OF REVIEW

For the Court to exercise personal jurisdiction over Mr. Sheikh, Azcan must "make a *prima facie* showing of jurisdiction by citing to specific evidence in the record that, if credited, is enough to support findings of all facts essential to personal jurisdiction."  *Cimon v. Guardian Life Ins. Co. of Am.*, 2004 U.S. Dist. LEXIS 3761, at * 4-5 (D. Me. 2004), *aff'd in part*, *vacated in part on other grounds*, 401 F.3d 1 (1st Cir. 2005) (internal quotation omitted) (internal citation omitted). When the Court does not hold an evidentiary hearing:

> the plaintiff must make the showing as to every fact required to satisfy both the forum's long-arm statute and the due process clause of the Constitution. In so doing, the plaintiff must make affirmative proof beyond the pleadings. When determining whether the plaintiff has made the requisite prima facie showing, the court considers the pleadings, affidavits, and exhibits filed by the parties. For the purposes of such a review, plaintiff's properly supported proffers of evidence are accepted as true and disputed facts are viewed in a light most favorable to the plaintiff; however, unsupported allegations in the pleadings need not be credited.

*Id.* (internal quotations and citations omitted).

**ARGUMENT**

In diversity cases, the exercise of personal jurisdiction over a nonresident defendant is governed by the forum state's long-arm jurisdiction statute. *See*, *e.g.*, *Am. Express Int'l, Inc. v. Mendez-Capellan*, 889 F.2d 1175, 1178 (1st Cir. 1989). Maine's long-arm jurisdiction statute permits jurisdiction over "nonresident defendants to the fullest extent permitted by the due process clause of the United States Constitution, 14th amendment." 14 M.R.S.A. § 704-A(1). Therefore, on a motion to dismiss for lack of personal jurisdiction, the inquiry focuses on whether the assertion of jurisdiction violates due process. *McGinley v. Wahoo Funding, Inc.*, 2007 U.S. Dist. LEXIS 46401 (D. Me. June 21, 2007) (citing *Archibald v. Archibald*, 826 F. Supp. 26, 29 (D. Me. 1993)).

A court may have general or specific personal jurisdiction over a defendant. In this case, the Court lacks general and specific personal jurisdiction over Mr. Sheikh.

**A.     The Court Lacks General Personal Jurisdiction over Mr. Sheikh.**

General jurisdiction exists when a defendant has engaged in substantial or systematic and continuous activity in the forum state that is unrelated to the subject matter of the action. *See*, *e.g.*, *Scott v. Jones*, 984 F. Supp. 37, 43 (D. Me. 1997).

Azcan does not make any allegations that Mr. Sheikh has engaged in substantial or systematic and continuous activity in the Maine that is unrelated to the subject matter of this action. Indeed, Mr. Sheikh does not conduct any business in Maine and does not own any property in Maine. Simply stated, Mr. Sheikh has no connections to Maine. Therefore, the Court does not have general personal jurisdiction over Mr. Sheikh.

### B.      The Court Lacks Specific Personal Jurisdiction over Mr. Sheikh.

Specific jurisdiction is based on a relationship between the forum and the particular acts or injuries that provide the basis for the action, that is, "where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts." *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088-89 (1st Cir. 1992).

In the First Circuit, specific personal jurisdiction can only be exercised when the plaintiff meets its burden on the following factors:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities.  Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable.  Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

*United Elec. Workers*, 960 F.2d at 1089 (underlining added).  If the plaintiff cannot demonstrate both relatedness and purposeful availment, the Court need not even reach the Gestalt factors.[1] *See*, *e.g.*, *McGinley*, U.S. Dist. LEXIS 46401 at *15.

In this case, Azcan has not demonstrated and cannot demonstrate relatedness or purposeful availment.

---

[1]     The Gestalt factors are:

> (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.

*United Elec.*, 960 F.2d at 1088.

### 1.     Relatedness

In evaluating relatedness, "questions of specific jurisdiction are always tied to the particular claims asserted." *See*, *e.g.*, *Bridge St. Auto., Inc. v. Green Valley Oil, LLC*, 2013 U.S. Dist. LEXIS 158924 (D. Mass. Oct. 17, 2013) (quoting *Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 289 (1st Cir. 1999)).  In contract cases, the court must determine "whether the defendant's contacts with the forum were instrumental either in the formation of the contract or in its breach." *Id.*  In tort cases, the court "must probe the causal nexus between the defendant's contacts and the plaintiff's cause of action." *Id.*

Azcan does not assert any contract or quasi-contract claims against Mr. Sheikh because Mr. Sheikh is not a party to the Agreement.[2]  Instead, Azcan's claims against Mr. Sheikh sound exclusively in fraudulent transfer.  In particular, Azcan alleges that after the closing of the transactions under the Agreement, the Entity Defendants distributed a portion of the net sale proceeds to Mr. Sheikh, and so Mr. Sheikh is a transferee.

Probing the nexus between Azcan's claims and Mr. Sheikh's alleged conduct reveals that there is no connection to Maine.  Mr. Sheikh is a resident of New Jersey, and all of the Entity Defendants have a principal (and sole) place of business in New Jersey, so any transfers Mr. Sheikh received from the Entity Defendants would be made in New Jersey and have absolutely no connection to Maine.

Courts in the First Circuit faced with similar allegations based on out-of-state fraudulent transfers have declined to find jurisdiction.  In *Bridge Street Auto*, the plaintiff brought suit in Massachusetts and alleged that it was harmed by fraudulent transfers made by a New Jersey

---

[2]     As described in the Entity Defendants' Motion to Dismiss, the contract claims do not establish sufficient minimum contacts with Maine to support specific personal jurisdiction in this case.

corporate defendant. 2013 U.S. Dist. LEXIS 158924 at *31. The court found that the alleged fraudulent transfers were insufficient to confer personal jurisdiction:

> To the extent [plaintiff] contends that he was harmed in Massachusetts by actions that [defendant] may have taken from its offices in New Jersey, any such claim also would be insufficient to meet the relatedness prong of the test for specific jurisdiction. Generally, in-forum effects of a defendant's extra-forum activities, without more, are inadequate to establish relatedness. Therefore, [plaintiff] has failed to satisfy the first element of the test for personal jurisdiction.

*Id.* at 33-34 (internal citations and quotations omitted).[3] *See also Lockebridge, LLC v. RGMS Media, Inc.*, 2012 U.S. Dist. LEXIS 86504 (D. Mass. June 22, 2012) ("Plaintiffs further fail to show that the fraudulent transfer . . . involved any contact with Massachusetts.").

Similar to *Bridge Street Auto*, Azcan has failed to show that there is any nexus between Maine and its claims against Mr. Sheikh.

### 2. Purposeful Availment

Although Azcan's failure to demonstrate relatedness is alone sufficient to deny personal jurisdiction, Azan also fails to meet the purposeful availment prong.

"The purposeful availment inquiry . . . focuses on the defendant's intentionality. This prong is only satisfied where the defendant purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on these contacts." *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 623-24 (1st Cir. 2001) (internal citations omitted).

---

[3] In *Bridge Street Auto*, the plaintiff was a citizen of Massachusetts, so even though the court did not consider "in forum effects" to be a determinative factor, there was at least some relationship between the harm and the forum state. By contrast, in this case, Azcan is an Arizona limited liability company whose sole owner resides in Arizona, so there is no relationship between the alleged harm and the forum state.

Azcan has not made any showing that Mr. Sheikh purposefully and voluntarily directed his activities toward Maine. Mr. Sheikh's only contact with Maine was not in his individual capacity, but instead was through the Entity Defendants. As described in the Entity Defendants' Motion to Dismiss and reply brief, whatever very limited contacts exist with Maine are random, fortuitous and attenuated. *See*, *e.g.*, *McGinley*, U.S. Dist. LEXIS 46401 at *14 (declining to find personal availment where the only connection to Maine was the fortuitous, random and attenuated circumstance that plaintiff chose to conduct business out of Maine); *Telford Aviation, Inc. v. Raycom Nat'l, Inc.*, 122 F. Supp. 2d 44, 45 (D. Me. 2000) (same).

The Entity Defendants did business with a non-Maine entity (PCP), concerning property not located in Maine, and formed an agreement based on non-Maine law. The Entity Defendants' contacts did not create continuing obligations to Maine consumers or Maine citizens, nor did the Defendants benefit from the protections of Maine law through their phone calls and emails to PCP's representatives who were allegedly located in Maine. Put simply, the Entity Defendants' contacts with Maine (if any) were the fortuitous result of the PCP's decision to handle contracts for the sale of CFDs through its Maine office.

There simply is nothing that Mr. Sheikh did to purposefully avail himself of the benefits or protections of Maine, or that would have caused him to reasonably anticipate litigation against him in Maine.

### 3.  Reasonableness under the Gestalt Factors

"The purpose of the gestalt factors is to aid the court in achieving substantial justice, particularly where the minimum contacts question is very close. In such cases, the gestalt factors may tip the constitutional balance." *Nowak v. Tak How Invs., Ltd.*, 94 F.3d 708, 717 (1st Cir. 1996). "The weaker the plaintiff's showing on the first two prongs (relatedness and purposeful

9

availment), the less a defendant need show in terms of reasonableness to defeat jurisdiction." *Ticketmaster-New York v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994). In this case, the minimum contacts question is not even close, and there is thus no need to consider the Gestalt factors. *See, e.g.*, *McGinley*, U.S. Dist. LEXIS 46401 at *15. Moreover, the Gestalt factors weigh against finding jurisdiction.

Mr. Sheikh is a New Jersey resident who owns no property in Maine and has no connections to Maine; therefore, defending an action in Maine is an appreciable burden. *See, e.g.*, *Donatelli v. UnumProvident Corp.*, 324 F. Supp. 2d 153, 163 (D. Me. 2004) ("[E]nduring litigation in a forum as distant as Maine is from Tennessee is an appreciable burden . . ."). Furthermore, Maine has no interest in adjudicating this dispute because it does not involve a single party in Maine or any issue of Maine law.

Considering all of the facts concerning the Agreement, the nature of the claims against Mr. Sheikh, and Mr. Sheikh's limited contacts with Maine (and in a limited capacity), the assertion of specific personal jurisdiction over Mr. Sheikh is not reasonable and would not comport with "fair play and substantial justice."

## CONCLUSION

WHEREFORE, Mr. Sheikh requests that this action be dismissed with prejudice.

Dated: April 24, 2014

>  */s/ Richard P. Olson*
>  Richard P. Olson, Esq. Bar # 7275
>  Matthew B. Harvey, Esq. Bar #5208
>  Perkins Olson, P.A.
>  32 Pleasant Street
>  P.O. Box 449
>  Portland, Maine 04112-0449
>  Telephone: (207) 871-7159
>  Facsimile: (207) 871-0521
>  *Attorneys for Farouk Sheikh*

10